Homer Arnold SLOAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16639.

Court of Criminal Appeals of Oklahoma.

Sept. 29, 1971.

Leslie D. Page, Ponca City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Homer Arnold Sloan, hereinafter referred to as defendant, was charged, tried, and convicted on December 14, 1970, in the District Court of Kay County with the offense of Driving a Motor Vehicle While Intoxicated and Under the Influence of Intoxicating Liquor, Second Offense; his punishment was set at three years imprisonment and a Five Hundred Dollar fine; from said judgment and sentence a timely appeal has been perfected to this Court.

This case must be reversed and remanded, for it affirmatively appears from the Record that during the opening statement of the State, the Assistant District Attorney read the information to the jury, and referred to the defendant's having been previously convicted of driving an automobile while intoxicated.

This Court in the case of Lovell v. State, Okl.Cr., 455 P.2d 735 (May 14, 1969) stated that from that date forward that Driving While Intoxicated, Second Offense, was thereby removed as an exception under the Harris opinion.[1] Under the second and subsequent offense statute, the information must be divided into two parts. The first page must set forth the particular offense with which the accused is charged, and the second page must contain the former convictions. Allegations of prior convictions in the Information place the reputation of defendant in issue at commencement of trial, and is a violation of rule that defendant's reputation may not be placed in issue until such time as it is raised by defendant himself. See also Hunter v. State, Okl.Cr., 375 P.2d 357, and Berry v. State, Okl.Cr., 476 P.2d 390.

We further observe that the following improper testimony was introduced. A police officer testifying in chief on direct examination testified as follows:

"Q. During that ten years or so that you've known him, have you seen him at times when he was sober?

A. Not very often.

Q But there have been some times, though, hasn't there?

A. Yes, sir. I've seen him on the street in the daytime, and sometimes he's sober." (Tr. 45–46)

This, again, is a violation of the rule that a defendant's reputation may not be placed in issue until such time as it is raised by the defendant himself. The cause is hereby reversed and remanded for new trial.

BRETT and NIX, JJ., concur.

1. Harris v. State, Okl.Cr., 369 P.2d 187.