James **TEDDER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–75–171.

Court of Criminal Appeals of Oklahoma.

Aug. 28, 1975.

James R. Wolfe, Hugo, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Byron L. Wilhite, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, James Tedder, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Choctaw County, Case No. CRF–75–22, for the offense of Grand Larceny, in violation of 21 O.S.1971, § 1704. The jury assessed his punishment at two (2) years' imprisonment. From such judgment and sentence, a timely appeal has been perfected to this Court.

Defendant was charged with the larceny of a number of S & H Green Stamps which were taken during the burglary of a grocery store in Hugo, Oklahoma, in early April of 1974. The serial numbers of the stamps taken matched those of a large number of stamps redeemed for $82.00 in cash by the defendant at an S & H redemption center in Dallas, Texas, on April 11, 1974.

The testimony of the redemption center clerk and the defendant as to their conversation at that time was somewhat at variance. Defendant testified that he had been in Hugo on April 1, but had returned to his home in Grand Prairie, Texas, that afternoon. He stated that he had worked for a used car dealer in Grand Prairie that evening as well as on April 2, 3 and 4. The car dealer, Raymond Wiley, testified that defendant had worked for him on the above dates. Defendant claimed further that he had returned to Hugo on April 5 for a couple of hours, and had purchased the green stamps in good faith from a hitchhiker on his return trip to Grand Prairie that afternoon. He did not know the identity or whereabouts of the hitchhiker.

■ On appeal, defendant raises only one assignment of error, arguing that the trial court erred in failing to instruct the jury on the crime of Concealing Stolen Property. Without dealing with the substance of defendant's argument, we note that he failed to request any such instruction, nor did he object to the instructions given by the trial court. In light of the fact that the instructions given generally covered the subject matter of the inquiry, we find that defendant has waived any possible error in the instructions. See, *Tillman v. State,* Okl.Cr., 490 P.2d 1369 (1971), and *Schapansky v. State,* Okl.Cr., 478 P.2d 912 (1971).

■ By inference, defendant also raises within this assignment of error the argument that the evidence was insufficient to establish the offense of Grand Larceny. We disagree; although the evidence was entirely circumstantial, it was substantial enough to justify the submission of the case to the jury. The jury was properly instructed on the effect of circumstantial evidence as well as the weight to be given defendant's possession of recently stolen property. We therefore find the evidence sufficient to support a finding of guilt. *Turman v. State,* Okl.Cr., 522 P.2d 247 (1974).

For the above and foregoing reasons, we find defendant's assignment of error to be without merit. The judgment and sentence is, accordingly, affirmed.

BUSSEY and BLISS, JJ., concur.