Douglas M. WELLS, Appellant,

v.

The STATE of Oklahoma, Appellee.

Nos. M–76–511, M–76–512.

Court of Criminal Appeals of Oklahoma.

Nov. 30, 1976.

Rehearing Denied Jan. 11, 1977.

James Clark, Ardmore, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Presiding Judge:

The appellant, Douglas M. Wells, hereinafter referred to as the defendant, was charged, tried in a consolidated trial by jury and convicted in District Court, Carter County, Case Nos. CRM–75–562 and 75–565, of Driving While Under the Influence of Intoxicating Liquor, in violation of 47 O.S. 1971, § 11–902, and Transporting a Loaded Firearm, in violation of 21 O.S.1971, § 1289.-13. The punishment for each was set at forty-five (45) days in the county jail and a fine of Five Hundred Dollars ($500.00), the sentences to run concurrently. For purposes of this appeal the two cases have been consolidated pursuant to court order. From said judgments and sentences, the defendant has perfected his timely appeal to this Court.

The testimony at trial revealed that on September 10, 1975, an Ardmore Police Officer observed a white over yellow pickup truck, driving at an excessive speed. The officer called for a backup unit and then followed the pickup for about a mile. The pickup's speed varied from 15 to 25 miles per hour over the posted speed limit. The pickup was very erratic in its movement, and at one point, veered into the opposite lane and caused an approaching car to leave the road in order to avoid hitting the pickup truck. The officer then turned on his red lights and the pickup stopped. The driver of the pickup truck was identified as the defendant, and he was unable to produce a driver's license when asked, because he was driving under suspension. The defendant was placed under arrest for driving under the influence of alcohol, and he staggered as he got out of the truck. His speech was slurred and he had a strong odor of alcohol about him. The defendant tried to stand in

the officer's way when the officer attempted to go near the pickup.

When the backup officer arrived he asked the defendant's companions to step out of the pickup truck, and as they did so, he observed a .45 caliber Colt pistol lying on the front seat of the pickup truck next to where the driver was sitting. Upon further inspection, the gun was found to be loaded with five live rounds in the clip and one round in the chamber. The defendant was also charged with transporting a loaded firearm.

The defendant testified in his own behalf and admitted that he had been drinking but felt that he was in control of himself and was not intoxicated. He noticed the officer following him, but denied speeding. The defendant stated that the bright lights from the police car caused him to have trouble seeing and it may have caused him to drive erratically. The defendant carried the gun to protect himself when he carried large sums of money from the club which he owned. He denied that the gun was loaded on the night in question.

The defendant's sober condition at the time of arrest was attested to by his two companions in the pickup truck. A former employee of the defendant stated that she had never seen him drunk in the six years that she had worked for him at his club.

The sole assignment of error cited by the defendant in the two cases involves the rebuttal testimony offered by the State. The defendant contends that the trial court committed error in allowing the State to call rebuttal witnesses to testify regarding the general reputation of the defendant, notwithstanding the fact that no evidence had been offered by the defendant to place his character in issue.

The substance of the testimony of Diana Barreteford, a witness for the defendant, is as follows:

"Q. Have you seen him often during the past six years?

"A. Almost every day.

"Q. And have you ever seen him intoxicated then?

"A. I have never seen him drunk."

At the conclusion of the defendant's case, the State offered three rebuttal witnesses who stated that they knew the defendant to have a bad reputation in the community.

Clearly, testimony by the witness as to the past sobriety of the defendant and not to the crime now in issue, would reflect on the defendant's general character or reputation. See, *Sloan v. State,* Okl.Cr., 489 P.2d 774 (1971). It makes no difference whether the defendant referred to his witness as a character witness, for the substance of her testimony reflected on the defendant's prior reputation, and thus opened the way for proper rebuttal by the State.

In *Roberson v. State,* 91 Okl.Cr. 217, 218 P.2d 414 (1950), the Court stated in the Fourth paragraph of the Syllabus:

"It is not admissible to show the bad character of the defendant until after the defendant himself puts his good character in issue, and then only by showing his general reputation, and not by particular acts."

Also see, *Jiminez v. State,* Okl.Cr., 545 P.2d 1281 (1976).

The State properly introduced evidence in rebuttal that the defendant generally had a bad reputation in the community. This was clearly in accordance with the prescribed standards. Therefore, for the reasons stated, this assignment of error is without merit, and this case should and the same is hereby *AFFIRMED.*

BUSSEY, J., concurs.

BLISS, J., concurs in results.