Harvey Ray PINNICK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–507.

Court of Criminal Appeals of Oklahoma.

Sept. 19, 1980.

Cude, South & Schulte by Robert C. Schulte, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Duane N. Rasmussen, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Harvey Ray Pinnick, hereinafter referred to as defendant was charged, tried and convicted in the District Court, Comanche County, Case No. CRF–78–1144, for the offense of Concealing and Withholding Stolen Property, in violation of 21 O.S. 1971, § 1713. His punishment was fixed at six (6) months in the county jail. From said judgment and sentence an appeal has been perfected to this Court.

The evidence of the State established that on October 17, 1978, Ronnie Moore was in defendant's home in Lawton, where defendant pointed out to him certain motorcycle parts in a closet and underneath the floor. Defendant stated that he had "got the bike across the field." Defendant gave some of the parts to Moore and told him to get rid of them. Moore instead took the parts to his grandmother's home and attempted to locate the actual owner. He contacted Ronnie Lowe, who identified the parts as being from his motorcycle which had been stolen on August 30, 1978. A search warrant was obtained for defendant's home and other parts of the motorcycle were recovered.

Defendant asserts in the first assignment of error that the trial court erred in allowing the introduction of a statement made by defendant to the arresting officer. The record reflects that after being advised of his *Miranda* rights and acknowledging his understanding thereof, the following question was propounded to the defendant:

"Do you want to talk about the motorcycle that I found in the residence."

To which the defendant responded:

"What motorcycle?" [Tr. 68].

The defendant argues that such response was in violation of his constitutional right to remain silent as guaranteed by the Fifth Amendment of the United States Constitution. We are of the opinion that this as-

signment of error is wholly without merit. Defendant did not exercise his right to remain silent but voluntarily made a response which inferred that he did live in the residence where the motorcycle parts were found. Inasmuch as the evidence was uncontradicted that defendant was advised of his *Miranda* rights and that he knowingly waived the same, his response to the officer's question was properly admitted into evidence. See *Cleveland v. State*, Okl.Cr., 566 P.2d 144 (1977) and *Davidson v. State*, Okl.Cr., 484 P.2d 542 (1971).

Defendant contends as his final assignment of error that the trial court improperly admitted evidence of Defendant's attempt to bribe a prosecution witness. We are of the opinion that the trial court did not err in that the attempt to bribe a witness is tantamount to an admission of guilt and admissible in evidence. See *Riley v. State*, 57 Okl.Cr. 313, 49 P.2d 813 (1935); *Bradley v. State*, Okl.Cr., 561 P.2d 548 (1977); *State v. Young*, 1 Or.App. 562, 463 P.2d 374 (1970).

In conclusion we observe the record is free of any error which would cause reversal or justify modification. Under such circumstances, we are of the opinion that the judgment and sentence should be, and the same is hereby *AFFIRMED*.

CORNISH, P. J., and BRETT, J., concur.