Thurlman Eugene ROBERTS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–204.

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1981.

James O. Goodwin, Goodwin & Goodwin, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Timothy S. Frets, Asst. Atty. Gen., William Brad Heckenkemper Legal Intern, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted in Muskogee County District Court of Attempted Robbery With Firearms, Case No. CRF–78–78. Punishment was set at twenty-five (25) years' imprisonment.

The manager of Milgram's Grocery Store testified that the appellant entered the store on March 22, 1978, and asked for help with a product. The appellant then stuck a gun in the manager's side and said: "This is a robbery." The manager pursued him out the front door, whereupon the gunman fired several shots in the manager's direction. He was apprehended later that day hiding under a piece of farm equipment in a nearby barn.

### I

The appellant first claims that the out-of-court identification from a police lineup was improper and tainted the in-court identification. The attempted robbery took approximately 26 seconds. Later the same day, the store manager was shown a photographic lineup, from which he identified the appellant.

The following day a lineup was held. The store manager viewed the lineup three times. After the first two viewings, he stated that he could not make a positive identification. At the third viewing, he identified the appellant. All persons in the lineup were attired in orange coveralls, but there were striped pants sticking out from beneath the appellant's coveralls. The manager testified that seeing the striped pants, similar to those worn by the appellant at the robbery, aided in the identification. He further stated that he made the identification based upon his recognition of the appellant from the attempted robbery.

In *Thompson v. State*, 438 P.2d 287 (Okl. Cr.1968), this Court set forth guidelines for police lineups. In *Thompson*, we stated:

"Other people participating in the lineup should be of the same general weight, height, age, color and race, whenever possible, and the subject should not be clothed in such a manner as to attract special attention or make him stand out from the other persons in the lineup." *Thompson, supra,* at 289.

Thurlman Roberts was placed in a lineup with persons having substantially the same general physical characteristics with regard to height, weight, sex, age and race. Several persons had facial hair as did the appel-

lant. Additionally, each member of the lineup wore orange coveralls which covered almost their entire bodies. After a careful examination of the record, we find that the out-of-court identification was not manifestly unfair or unnecessarily suggestive and conducive to mistaken identification. *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

## II

■ Challenged in his next proposition is the trial court's denial of the appellant's motion for a continuance. A motion for a continuance is addressed to the sound discretion of the trial court and its determination will not be disturbed unless the ruling was arbitrary and capricious. *Hill v. State*, 567 P.2d 516 (Okl.Cr.1977); *Kirk v. State*, 555 P.2d 85 (Okl.Cr.1976).

■ The information was filed against the appellant on March 23, 1978. The original counsel was allowed to withdraw on September 28, 1978, at which time the trial counsel was appointed. The trial commenced thirteen (13) days later. Asserting a lack of time to prepare, the trial counsel then moved for a continuance. We find that the trial court did not abuse its discretion by denying the motion.

## III

■ The State's witness, Bowler, testified that while he was attending a party, a voice from downstairs called up to him and said: "I am going to the store." The appellant asserts that this testimony should have been excluded, since Bowler was unable to identify the person who made the statement. Under the Oklahoma Evidence Code, this statement is not hearsay. 12 O.S.Supp. 1979, § 2801; *Medina v. State*, 606 P.2d 597 (Okl.Cr.1980). The statement was not introduced to prove the truth of the matter asserted therein, i. e., that the person actually went to the store. The statement was introduced to establish that someone had borrowed Bowler's car. The statement does not depend upon the credibility of the out-of-court declarant. Thus, we find that the appellant's contention is without merit.

## IV

■ Next argued is that the trial court erred in denying the appellant's request for a transcript of the motion to suppress hearing. The trial court denied the request so as not to delay the trial. This Court has afforded indigent defendants transcripts of preliminary hearings. However, such a request, accompanied by an affidavit of indigency, must be made "far enough in advance of trial to give the State a reasonable amount of time to transcribe the minutes and avoid necessity of suspending trial pending production of the transcript." *Waters v. State*, 454 P.2d 325 at 327 (Okl. Cr.1969). See also, *Hall v. State*, 570 P.2d 955 (Okl.Cr.1977). Because the request was made the morning of the proceeding, we find that the request was not timely made.

## V

■ We now consider whether the trial court erred by not declaring a mistrial as a result of the prosecutor's statements as to what constitutes reasonable doubt. An examination of the record reveals that no attempt was made by the prosecutor to define the term reasonable doubt. Rather, the prosecutor was commenting on the evidence which had been presented at trial. Since counsel on both sides have a right to discuss fully the evidence and the reasonable inferences and deductions arising therefrom, we find no error. *Frazier v. State*, 607 P.2d 709 (Okl.Cr.1980); *Deason v. State*, 576 P.2d 778 (Okl.Cr.1978).

## VI

■ Prejudice is claimed because the sheriff wore a gun during *voir dire*, while seated next to the appellant. After *voir dire*, the appellant objected and asked for a mistrial. The trial court stated that it would take the matter under consideration during the lunch recess. The record contains no information as to the court's ruling. For whatever reason, the appellant did not raise the issue after the lunch recess. The objection was either sustained

off the record, or waived by the appellant's failure to obtain a ruling. *See, Graves v. State*, 563 P.2d 646, 650 (Okl.Cr.1977). No showing of prejudice has been made, therefore, we find the appellant's contention to be without foundation.

## VII

■ The appellant contends that several comments made by the prosecutor during his closing argument constituted reversible error. This Court has carefully reviewed the comments alleged to be improper. We find that in each instance the trial court's admonitions were sufficient to cure any error. *Kitchens v. State*, 513 P.2d 1300, 1304 (Okl.Cr.1973).

## VIII

The appellant urges that the accumulation of errors at trial warrants reversal. Finding no error in disposing of the previous propositions of error, this argument is without foundation. *See, Baker v. State*, 593 P.2d 100 (Okl.Cr.1978).

## IX

■ Lastly argued is that the twenty-five (25) year sentence is excessive. It is within the statutory limits. *Hair v. State*, 597 P.2d 347 (Okl.Cr.1979); *Wade v. State*, 581 P.2d 914 (Okl.Cr.1978).

Finding no error, the judgment and sentence is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.