Will Bennett BROWNING, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–521.

Court of Criminal Appeals of Oklahoma.

July 26, 1982.

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Will Bennett Browning appeals a conviction for Burglary in the Second Degree, After Former Conviction of Two Felonies received in Comanche County District Court, Case No. CRF–78–1366. He was sentenced to thirty (30) years' imprisonment.

At approximately 1:30 a. m., October 18, 1978, a maintenance man and three police officers responding to a silent alarm apprehended the appellant in the recreation room of the Lawton Multi-purpose Center. The glass in an interior door had been broken and a television had been moved from a shelf in the T.V. room to a chair. The appellant was placed under arrest and advised of his *Miranda* rights. In response to one of the police officer's questions, he responded that he entered the building "around back." A broken exterior window was found in the back of the building. The appellant raises eight propositions of error on appeal and urges that because of these errors, the judgment and sentence should therefore be reversed.

An Information charging the appellant with Second Degree Burglary, After Former Conviction of a Felony, Case No. CRF–78–1143, was filed on October 20, 1978, two days after the above-stated incident. At the preliminary hearing on December 18, 1978, the State announced that due to a lack of assistant district attorneys and a jail break over the past weekend, it was unable to proceed. The appellant's motion to dismiss for lack of prosecution was sustained by the trial judge. The case was refiled the next day as CRF–78–1366 and the second preliminary hearing was held on January 12, 1979.

█ In his first allegation of error, the appellant contends that the court erred in allowing this case to proceed to trial because at the subsequent preliminary hearing, there was no showing of newly discovered evidence upon which to base the refiling of the charge. He cites as authority *Chase v. State*, 517 P.2d 1142 (Okl.Cr.1973); *Harper v. District Court of Oklahoma County*, 484 P.2d 891 (Okl.Cr.1971); and *Jones v. State*, 481 P.2d 169 (Okl.Cr.1971). However, the appellant mistakenly relies upon these cases for they refer to instances where the State presented insufficient evidence at the preliminary hearing; whereas in the appellant's case, the State was not ready to present evidence at the first preliminary hearing. We find *Lampe v. State*,

540 P.2d 590 (Okl.Cr.1975), and *Martinez v. State*, 569 P.2d 497 (Okl.Cr.1977), proper authority for the State to refile criminal charges as was done in this case. In *Lampe, supra*, we held that the fact that a case had been twice dismissed at preliminary hearing for lack of witnesses would not bar subsequent refiling, and such refiling would not constitute double jeopardy, denial of due process or denial of speedy trial under the facts of that case.

Secondly, the appellant argues that he was prejudiced for two reasons. Officer Welker threw an evidentiary harpoon during the first stage of the trial, and the jury, during the second stage of the trial, was allowed to consider informations filed in previous cases. The appellant contends that none of the prerequisites to the admission of other crimes evidence was satisfied pursuant to *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979), neither did the probative value of the evidence outweigh its prejudicial effect. *Stowe v. State*, 590 P.2d 679 (Okl. Cr.1979).

█ As to the evidentiary harpoon allegedly cast by Officer Welker, the transcript reveals the following testimony under cross-examination:

Q. Did you handcuff him, yourself?

A. I don't recall if I did or Officer Adamson did. One of us handcuffed him. I think Officer Adamson handcuffed him.

Q. How many times have you seen the Defendant since that time?

A. Since that time I have seen him probably twice.

Q. Do you know whether or not they took him to jail?

A. That day, sir?

Q. Yes, that day.

A. Yes, sir.

Q. You didn't see them take him to jail though, they just left together, did they not? In other words, Adamson took him, but you don't know whether he placed him in jail or what he did with him?

A. I hope he placed him in jail, sir.

Q. Yeah, but you don't know.

A. I don't know. I wasn't standing at the jail door, no, sir.

Q. But you didn't see him—you haven't seen him since then until today, is that what you're saying?

A. No, sir. That's not what I'm saying. I said I have saw [sic] him twice since then. I saw him at the other trial that he had and preliminary.

Q. I see, so at the preliminary and this time, twice since then you saw him?

A. Yes, sir.

MR. SAENZ: I believe no further questions.

Welker's statement of "I saw him at the other trial that he had and preliminary," and his further statement of seeing defendant "numerous" times prior to October 18th, are relied on by the appellant as constituting the evidentiary harpoons. We disagree that error occurred. Because of the persistence of defense counsel in trying to elicit from Welker the fact that he had not seen the appellant since his arrest, the appellant in essence, forced the witness to make the clarification of which he complains. Due to these circumstances it cannot be said that the statement was voluntarily or wilfully jabbed, or that it was calculated to prejudice the appellant. See *Saumty v. State*, 503 P.2d 571 (Okl.Cr.1972), citing with approval *Kolke v. State*, 493 P.2d 854 (Okl.Cr. 1972).

Neither can Welker's statement that he saw the appellant "numerous" times prior to October 18 be construed as an evidentiary harpoon. The term "seen" raises only the mere possibility of other crimes which we find does not rise to the level of an evidentiary harpoon. In addition, the statement was involuntary and responsive to the question asked by the prosecutor, without any additional information being volunteered by the witness.

The appellant also argues that he was prejudiced during the second stage of the trial when the State offered not only the judgments and sentences in Comanche County Cases No. CRF–74–321 and CRF–75–692, but also the informations originally filed in each of these cases. The informations outlined the details of the crime with which the appellant was charged at that time, and also alleged a number of prior convictions received by the appellant from 1966 to 1974. No judgments and sentences were offered as to these prior convictions. The appellant contends that reversible error occurred because the trial court allowed these informations into evidence which caused prejudice due to their depiction of prior crimes and the suggestion that convictions existed beyond the convictions which the State was able to prove by competent evidence.

■ Even when the information of a prior crime does not allude to previous convictions, it should not be used as proof of a former conviction by the fact that it serves no purpose but to advise the jury of details of previous crimes. The information does not prove the conviction but only that a charge was filed. *Jones v. State*, 456 P.2d 613 (Okl.Cr.1969). Allowing the information for this purpose is even more serious when, as in the present case, it alludes to more previous crimes which the State is unable or unwilling to support with judgments and sentences. It is therefore clear that the prior informations should have been excluded in accordance with the clearly established policy in this state. See *Wade v. State*, 624 P.2d 86 (Okl.Cr.1981).

■ In the instant case the errors occurred at the second stage of a bifurcated proceeding. Errors at this stage cannot be grounds for reversal, but at most modification. *Irvin v. State*, 617 P.2d 588 (Okl.Cr. 1980). In addition, even though the informations should not have been allowed as proof of prior convictions, the State did introduce valid judgments and sentences in two previous felony convictions. This Court is of the opinion that there was sufficient evidence, even without the error, for the jury to find that the appellant had committed prior felonies, and that reversal as to this point would not be justified. However, modification of the sentence is necessary for the best interests of justice.

The State does not argue the fact that the information should not have been part of the proof of prior convictions. Neither

does the State deny that the evidence of other crimes may have prejudiced the jury in its determination of punishment. However, it is urged by the State that this issue is not properly before the Court because the error is raised for the first time on appeal. The State argues that matters raised on appeal, which were admitted without objection, will not be considered, and that unless proper objection is made during the course of the trial, the appellant is deemed to have waived them. The record shows that the appellant's counsel was given ample opportunity to object to the disputed evidence but he failed to do so during the trial. Because of the appellant's failure to object during trial, inquiry must then be made as to whether the error was so fundamentally unjust as to require review even though it was not properly preserved.

■ The record reflects that the original information filed in the instant case alleges only the prior convictions of March 5, 1969, December 31, 1974 and March 5, 1976. At the preliminary hearing the State introduced only the judgments and sentences of two of these three convictions in its proof of prior convictions of a felony. However, during the second stage of the trial, the State introduced not only the judgments and sentences, but also the informations filed in these cases which recited the unsupported previous convictions of which the appellant complains. As a result the jury was allowed to consider the unrelated allegations of convictions, which were entirely unsupported, in their deliberations concerning the appellant's punishment. The record also suggests that the prosecution intentionally introduced this disputed evidence when they knew, or should have known, that it was inadmissible. At the preliminary hearing they did not introduce any evidence supporting their allegation of the March 5, 1969 arson conviction. Also, just prior to the second stage of trial, the prosecution requested that this conviction be stricken from the present information because of lack of a judgment and sentence to support it. The prosecution, in the heat of trial, then turned around and introduced this very same arson conviction by submit-

ting the informations of the prior convictions. They therefore did indirectly that which they knew they could not do directly. The prejudicial effect of this action is exacerbated by the fact that two additional crimes were also introduced in this manner. The three crimes complained of were not only unrelated, but irrelevant to the State's proof of the prior convictions alleged in its information. Instead of basing their opinion on just the two previous convictions which the State properly proved, the jury was allowed to consider evidence of five other crimes, three of which should never have been introduced. In this case the prosecution not only improperly used informations as part of the proof of prior convictions, but also used these informations to inject more prior unsupported allegations of convictions, which could very well have caused great prejudice to the jury in its determination of punishment. Although it is true, as the State contends, that the appellant's counsel should have objected to this extraneous evidence of other crimes during the trial, this Court feels that the cumulative effect of these errors was to prejudice the appellant's rights to such a degree that he was deprived of fundamental justice in the determination of his punishment and therefore the appeal will be considered. See *Faubion v. State*, 569 P.2d 1022 (Okl.Cr.1977).

■ In the present case the jury sentenced defendant to thirty (30) years' imprisonment under a statute in which the minimum is twenty (20) years' imprisonment. Because of the lengthy and serious criminal history of the appellant, this Court feels that more than the minimum sentence is required in this case. However, the potential prejudice that this error brought about also justifies some type of modification. Therefore, to strike some type of balance between the two, this Court therefore will modify the sentence, in light of the errors discussed, from thirty (30) years to twenty-five (25) years. See *Wright v. State*, 617 P.2d 1354 (Okl.Cr.1979).

■ The appellant relies on *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979), for the proposition that the trial judge committed error by failing to advise the jury of the proper use of other crimes evidence, in this case the alleged evidentiary harpoons by Officer Welker discussed in the previous proposition of error. We find this argument is without merit because the evidence complained of, which, as previously discussed, offered only the slightest implication of other crimes or was produced solely by the defense counsel's badgering the witness, does not fall within the purview of the other crimes evidence rule of exclusion. Therefore, instruction under *Burks*, supra, was not required.

■ Next, it is alleged that the trial judge gave inconsistent and contradictory instructions regarding the number of prior convictions necessary to support imposition of a twenty year minimum sentence. While it is true that the court interchanged the phrases "former conviction of a felony" and "former conviction of two felonies," a close reading of Instruction No. 3 discloses that any confusion would have clearly been resolved to the appellant's advantage. Instruction No. 3 stated:

Should you find from the evidence, under the instructions and beyond a reasonable doubt, that the defendant is guilty as charged of Burglary Second Degree After Conviction of Two Felonies, you will so state in your verdict and it will then be your duty to assess the punishment therefor within the provisions of the law as set out herein; but if you do not find beyond a reasonable doubt that the defendant has heretofore been convicted of two felonies, as charged in the Complaint and Information set out herein, then you will find the defendant not guilty of Burglary Second Degree After Former Conviction of Two Felonies, and it will then be your duty to assess the punishment for the crime of Burglary Second Degree within the provisions of the law set out in these instructions, and you will disregard that portion of the charge alleging the commission of the

crime "After Former Conviction of a Felony."

Further, no objections were made to these instructions at trial nor were any proposed instructions offered. The instructions given adequately covered the subject matter, therefore the proposition of error is without merit. *Tedder v. State*, 540 P.2d 582 (Okl.Cr.1975).

■ The appellant argues as his fifth assignment of error, that because the information charged him with "after former conviction of a felony," (emphasis added) the conviction that he received pursuant to the two felony portion of 21 O.S.Supp.1979, § 51(B) is erroneous. This argument is without merit.

From the record it is clear that the information met the requirements of *Sloan v. State*, 489 P.2d 774 (Okl.Cr.1971), and 22 O.S.1981, § 401. Pursuant to *Sloan*, the information was divided into two parts. The first page contained the elements of the offense charged enabling the appellant to adequately prepare his defense. The second page contained the prior convictions the State planned to use to convict the appellant under 21 O.S.1981, § 51. We cannot agree with the appellant that even though the State listed and proved two prior unrelated felony convictions pursuant to § 51(B), the fact that it prefaced its charge with "after the former conviction of a felony" rendered a conviction under the two-felony portion of § 51(B) impermissible. To uphold such an argument would be to hold the State to a degree of technicality concerning informations which heretofore has been neither required nor expected. The appellant's argument concerning this issue is therefore denied.

Asserted in the sixth assignment of error is that 21 O.S.Supp.1979, § 51(B), now 21 O.S.1981, § 51(B) is unconstitutional because it was enacted in a bill relating to more than one subject in violation of the Okla.Const.Art. 5, § 57. This exact issue has been dealt with extensively in *King v. State*, 640 P.2d 983 (Okl.Cr.1982), wherein we held that 21 O.S.1981, § 51(B) does not violate Article 5, § 57 of the Oklahoma Constitution.

■ Next, the appellant complains that it was error for the trial court to admit an incriminating statement which he made following his arrest. He argues that he was denied due process of law, citing *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because he did not waive his right against self-incrimination and he was not informed that he was entitled to an attorney during questioning.

The circumstances surrounding the complained of statement were as follows. Officer Welker arrested the appellant while they were still inside the Multipurpose Center. In the presence of the other officers, Welker advised him of his rights under *Miranda* in the following manner.

You have the right to remain silent; anything you say or do can be used against you in a court of law. You have the right to an attorney; if you cannot afford one, one will be appointed before any questioning is done. If you desire to make a statement or answer questions at this time, you may do so; however, you still have the right to stop and request your lawyer at any time.

Officer Adamson also confirmed that these rights were given to the appellant. Officer Adamson then took the appellant out of the building and placed him in the patrol car. While the two were alone in the patrol car, Officer Adamson asked, "Well, how did you get in the building?" To this, the appellant responded, "Around back."

From these facts it is apparent that the appellant was clearly informed of his right to an attorney during questioning and to have one appointed if he could not afford one, therefore, no error resulted.

Also, there is no merit to the argument that the appellant did not waive any of his *Miranda* rights. Testimony in the record reflects that the appellant did express an understanding and comprehension of these rights. The transcript reflects the following testimony of Officer Welker:

Q. Okay, and did the Defendant indicate to you in any way he understood those rights?

A. Yes, sir.

Q. And what manner did he indicate?

A. He said, "Yeah, man."

On the same issue, Officer Adamson gave the following response:

Q. Okay. In your presence did the Defendant indicate in any way that he understood those rights?

A. Yes, sir. He gave a positive response. I'm not exactly sure what it was.

The law does not require, as the appellant argues, that an explicit statement of waiver is necessary in order to support a finding of waiver. *North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); *Pinnick v. State*, 617 P.2d 897 (Okl.Cr.1980); *Shirey v. State*, 520 P.2d 701 (Okl.Cr.1974). A proper *Miranda* warning was given, and because the appellant knowingly and intelligently waived the rights warned of, his response to the officer's question was properly admitted into evidence.

■ Last, the appellant asserts that the jury improperly received evidence that Mr. Browning exercised his right to remain silent following his arrest. The alleged error occurred when Officer Adamson, upon cross-examination by defense counsel, made the following statement:

Q. Did you have a conversation with him, any conversation other than the fact that he said he went in through the back?

A. Nothing that I remember; very little. After he realized he had said that he shut up pretty quick.

This Court, in *Buchanan v. State*, 523 P.2d 1134 (Okl.Cr.1974), recognized that to elicit testimony of a defendant's pretrial silence is error. However, in view of the fact that the statement was elicited by the defense counsel and no objection was made to it at trial, we do not find reversal necessary. Further, any error was harmless in light of *Chapman v. State of California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and; *McGaha v. State*, 492 P.2d 1101 (Okl. Cr.1971). Based on a review of the evidence as a whole, this Court finds this is not a "case in which, absent the constitutionality forbidden comments, honest, fairminded jurors might very well have brought in

not-guilty verdicts." *Chapman v. California*, 87 S.Ct. at 829. For the above reasons, the appellant's sentence is modified from thirty years' imprisonment to twenty-five years' imprisonment and as modified, affirmed.

CORNISH, J., concurs.

BUSSEY, J., concurs in result.