**Roberta S. ROTH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–84–159.**

Court of Criminal Appeals of Oklahoma.

Feb. 11, 1986.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

On appeal from her conviction in the District Court for Comanche County, Case No. CRM–83–900, on the charge of Soliciting, for which she was sentenced to six (6) months' imprisonment and fined one thousand ($1,000) dollars, the appellant raises two assignments of error.

For her first assignment of error the appellant alleges that the information on which she was subsequently convicted was insufficient to apprise her of the charges against her and that therefore she could not prepare an adequate defense. The original record is void of a demurrer or motion to quash. Failure to file such demurrer or motion waives any defect in the information except where the court has no jurisdiction over the subject matter. *Nealy*

*v. State*, 636 P.2d 378 (Okl.Cr.1981). The information clearly shows that the charge was filed under authority of 21 O.S.1981, § 1029(b) which falls within the jurisdiction of the court. This assignment of error is without merit.

For her second assignment of error the appellant alleges that the six (6) months' sentence and the one thousand ($1,000) dollar fine were excessive. During sentencing the appellant's attorney requested that the court reduce the sentence because other defendants had been receiving thirty-day sentences upon conviction for the same charge. The court denied the motion stating that the appellant had admitted in her testimony during direct examination that she had been previously convicted of both soliciting and armed robbery. The appellant argues that the court's knowledge of her past convictions came as a result of her decision to present a defense. The implication of the appellant is that error was committed by the trial court in considering her testimony when refusing to reduce the sentence set by the jury. The appellant does not cite any authority to support her bald contention. This Court has repeatedly stated that whether or not the punishment imposed is excessive is to be determined by a study of all the facts and circumstances surrounding each individual case. This Court does not have the power to modify a sentence unless after such a study we can conscientiously say that the sentence is so excessive as to shock the conscience of the Court. *Failes v. State*, 589 P.2d 1080 (Okl.Cr.1979). Considering the evidence of the appellant's guilt, and the fact that the sentence imposed was one-half of what could have been imposed, we cannot say that the sentence assessed shocks the conscience of this Court.

An examination of the record shows that the trial court found the appellant to be indigent. We are of the opinion that justice would best be served by modifying the judgment and sentence to a term of six (6) months' imprisonment, and as so mod-

ified, the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.