**Maggie Cade MIKE a/k/a Maggie Eugene Cade, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–755.**

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1988.

Alvin Schay, Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Maggie Cade Mike a/k/a Maggie Eugene Cade, was convicted in the District Court of Murray County Case No. CRF–85–63 of Driving While Intoxicated, Second Offense, in violation of 47 O.S. Supp.1985, § 11–902(C). He was sentenced to three (3) years' imprisonment; fined $500.00; assessed costs and payment to Victims' Compensation Fund after release, and he appeals.

The manager of a donut shop in Sulpher, Oklahoma, testified that in the late morning hours of November, 1985, she had just sold all her donuts and closed her shop when a car drove up and parked near the front door. A lady got out of the passenger side and came inside. She was told that the shop was closed and started to leave when a man got out of the same car from the driver's side, staggered to the door, and demanded that the store be opened so he could buy donuts. After a brief, but heated exchange at the door, the man staggered back to his car, got in, and drove away on the wrong side of the road. Because the man smelled strongly of alcohol and because he was driving on the wrong side of the road as he left, the shop manager immediately called the police and reported the incident, giving a general description of the driver and the car. Approximately ten minutes later, the manager saw the same car returning, travelling "very fast." As the car passed the shop, a police car pulled into the parking lot, re-

sponding to the managers' telephone call. The manager showed the officer where the car had gone and the officer followed. At trial, she positively identified the appellant as the driver of the car.

Responding to the police dispatcher's report, a patrol officer observed the appellant's car a short distance from the donut shop. The car was being driven on the proper side of the road, slightly under the posted speed limit. The officer did not observe any traffic violations.

The patrolman followed the appellant a short distance until he pulled into a local convenience store. The officer pulled in behind the appellant and watched as he got out of the car and, staggering slightly, enter the convenience store. After calling the dispatcher to confirm the description of the suspect, the officer approached the appellant as he left the store with the twelve pack of beer he had purchased. The officer spoke to the appellant and noticed that, in addition to staggering, his eyes were bloodshot and glossy, his speech was slurred, and he smelled strongly of alcohol. Based on these observations, the officer placed the appellant under arrest.

■ Paraphrased, the appellant's first assignment of error is that there was insufficient probable cause to support this warrantless arrest. In this assignment, appellant goes on to state that no probable cause existed because the arresting officer had not observed the appellant "commit any moving violations or operating his car in a manner so as to be a traffic hazard."

The facts of this case show that, initially, the patrolman was simply making a reasonable inquiry of a person brought to his knowledge under circumstances suggesting a crime had been or was about to be committed. *See, e.g., Stewart v. State,* 395 P.2d 346 (Okl.Cr.1964). The rule that probable cause exists when there are facts within the officer's knowledge sufficient to warrant a prudent man in believing that the subject has committed an offense, is elementary. *See, e.g., Cooks v. State,* 699 P.2d 653 (Okl.Cr.1985); *Greene v. State,* 508 P.2d 1095 (Okl.Cr.1973). At the time of the arrest in question, the personal ob-

servations of the officer amply meet this burden. The appellant's suggestion that an arrest for Driving Under the Influence can only be made when an officer sees the subject commit a moving traffic violation is rebutted by a mere cursory reading of the applicable statute. *See* 47 O.S.1986 Supp., § 11–902(A). This first assignment has no merit.

■ The second proposition of error raised is that the trial court erred in refusing to declare a mistrial during the sentencing phase when the prosecutor repeatedly made reference to societal alarm in closing arguments. This Court has strongly condemned such practices; and in extreme cases, has found it necessary to modify sentences, *Cooper v. State,* 584 P.2d 234 (Okl.Cr.1978), and reverse convictions, *Wright v. State,* 325 P.2d 1089 (Okl. Cr.1958). Modification or reversal is not warranted, however, when admonitions by the trial court are sufficient to cure any error. *See, e.g., Roberts v. State,* 634 P.2d 729 (Okl.Cr.1981); *Kitchens v. State,* 513 P.2d 1300, 1304 (Okl.Cr.1973).

Here, the trial court very carefully admonished the jury to disregard the improper comments made by Mr. Versteeg, the prosecuting attorney. Further, the trial judge's comments in the record indicate that he believed that the jury was receptive to those admonishments and possibly alienated against the prosecution as a result of the obvious impropriety. In light of the admonitions and the trial judge's perception of the jury's reactions, we are not persuaded that action by this Court is warranted. *See Ybarra v. State,* 733 P.2d 1342, 1347 (Okl.Cr.1987).

■ Thirdly, the appellant argues that the trial court committed reversible error in the sentencing phase when it admitted copies of the appellant's past D.U.I. judgments and sentences which had summaries of fact attached. As authority, he cites *Baker v. State,* 432 P.2d 935, 938 (Okl.Cr.1967). That case does not support the appellant's contention here.

In *Bean v. State,* 392 P.2d 753 (Okl.Cr. 1964) and in *Baker,* we said:

"to permit any testimony or evidence *as to the details* of the former convictions ... tends to place too much emphasis thereon and tends to further prejudice the defendant. The information *should not* be a part of this record as it tends to describe the crime in detail."

*Baker v. State*, 432 P.2d at 938 (emphasis in original). There, the objectionable material consisted of the original information filed against the defendant in which specific details of the original criminal behavior were set out. In this case, no such information is set out in the "summaries of fact" attached to the copies of the earlier judgment.

The papers in this case merely set out "facts" surrounding the acceptance of a guilty plea. The defendant's name is shown; the case number; the charge; the sentence; the name of counsel; and a series of questions regarding the voluntariness of the plea and whether the plea is knowingly made. Most questions require merely a "yes" or "no" entry. None of the specific facts of the individual charges, found objectionable in *Baker*, are present here. *See also Browning v. State*, 648 P.2d 1261, 1265 (Okl.Cr.1982).

■ Lastly, the appellant states that the trial court committed reversible error by imposing a fine on the appellant after he had been ruled indigent. Again, we disagree.

Alleged errors during the second stage of a bifurcated proceeding are, at most, grounds for modification. *Browning v. State, supra*. Further, we have recently ruled that this issue is prematurely raised when the fine is not payable and due until after the term of imprisonment is completed. *Jones v. State*, 682 P.2d 757 (Okl.Cr. 1984). More recently, however, this Court has recognized some situations that modification serves the best interests of justice. *Roth v. State*, 714 P.2d 216, 217 (Okl.Cr. 1986). We do not believe that this case warrants modification on those grounds. Imprisonment, assessment of a fine, in addition to costs and payment to the Victim's Compensation Fund, does not seem extreme for a second offense. The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs in results.

PARKS, J., concurs in part and dissents in part.

PARKS, Judge, concurring in part and dissenting in part:

Although I concur in the affirmance of appellant's conviction, I would modify appellant's sentence based on Assistant District Attorney F. Pat VerSteeg's insistence on making improper societal alarm comments during closing argument, in spite of the trial judge's admonishments and sustaining of proper defense objections on several occasions. After excusing the jury, the trial judge made the following remarks to the prosecutor:

THE COURT: Mr. VerSteeg, as to the matter where the Court made admonition toward you and you continued, I'm going to let it go with basically a reprimand at this time because, I'll be honest with you; this is the closest I've ever come to holding an attorney in direct contempt in my court. I almost did that. And I considered it very hard in the interim. But Im putting you on notice, if it ever happens again in any of my courts, after I had admonished that certain comments would not be made, then I will not hesitate in the future to use that arm of the court in insuring that my admonitions are followed. Do you understand, sir?

MR. VERSTEEG: Yes, sir.

(Tr. 331) When the improper societal alarm comments are coupled with the prosecutor's insistence on ignoring the trial judge's admonishments, this case falls within the rule enunciated by Judge Bussey that an admonishment is sufficient to cure error "[u]nless comments by the prosecutor are unusually egregious...." *Ybarra v. State*, 733 P.2d 1342, 1347 (Okla.Crim.App. 1987). The failure of Prosecutor VerSteeg to abide by the trial judge's admonishments during closing arguments in the punishment stage indicates an intent to inflame the jury to render a sentence based on passion. Accordingly, I would modify ap-

pellant's sentence to the one (1) year minimum possible under 47 O.S.Supp.1985, § 11–902(C).