Frank Marten WILLIAMS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–57.

Court of Criminal Appeals of Oklahoma.

July 11, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Frank Marten Williams, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF-72-2389, for the offense of Robbery With Firearms, his punishment was fixed at one hundred (100) years and one (1) day imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Jeannette Clark testified that on October 3, 1972, she was employed as a cashier at the Sears Sequoyah Reding Store at 44th and South Western in Oklahoma City; that at approximately 7:40 p. m., as she was closing her window, she noticed a man, whom she identified in court as defendant, standing near her window. Defendant placed an empty shopping bag in the window with his left hand and demanded that she put all the money in the bag, exposing his right hand enough to reveal a small revolver. Defendant warned her not to push any buttons or ring any bells. After she put the money in the bag, the defendant ordered her to go to the next cashier. A customer was at the second window and defendant put the gun in his side and told him to move down to the end of the counter. The defendant told the second cashier, Karen Salinger, to put all her money into the bag. She helped Karen put the money into the bag. Defendant then told them "there's a shotgun in this store and, if I don't get out of here, there will be a whole bunch of people hurt." She testified that she gave defendant somewhere between $1,400 and $1,600 from her window.

Karen Salinger testified that she was working as a cashier on the evening in question. At approximately 7:40 p. m. Jeannette Clark came to her window and told her to put all the money in the sack. She looked up and observed a man, whom she identified in court as defendant, shoving another customer aside. Defendant said that "we'd better give him all the money or he would shoot us, and he said that he had a shotgun or something about a shotgun, that he better get out of the store." She testified that the defendant took approximately $800 from her window.

Opal Payne testified that she was working as a trainee cashier with Jeannette Clark on the evening in question; that at approximately 7:40 p. m. a man, whom she identified in court as defendant, came in with a sack and a gun and demanded the money. The defendant made threats about a shotgun and that many people would get hurt if he didn't get away.

Timothy King testified that he was working at Sears that night at the Customer Service Booth, next to the cashier. He heard a warning "don't make any sounds" and saw two cashiers putting money in a sack. He observed a man, whom he identified in court as defendant, standing at the cashier window with a gun in a customer's side. As defendant left the store, he called the store security and a store manager followed defendant outside.

Lester Snellen testified that he was standing in line to pay a bill at Sears on the evening in question. A man, whom he identified in court as defendant, stuck a gun in the side of the man standing in front of him and told him to move away. The defendant said "something about he had a shotgun, if anyone came out he'd kill them."

Officer Acox testified that at approximately 7:43 p. m. on the evening in question, he was called to Sears to investigate

an armed robbery. After interviewing the witnesses, he broadcast descriptions of the robber and his car. About 10:30 p. m. he went to the Alamo Plaza Motel and met Officer Landes where they arrested one John Lee Davis. After talking to Davis, they proceeded to the Dog House Lounge and observed the defendant sitting on a bar stool. The defendant was placed under arrest and searched. A small caliber revolver and $1,438 was found on the defendant's person.

Officer Landes testified that he assisted in the arrest of John Davis at the Alamo Plaza Motel. Found in the glove compartment of Davis' car was $1,033.

Officer Kirby's testimony as to the arrest of the defendant did not differ substantially from the testimony of Officer Acox.

The defendant did not testify nor was any evidence offered in his behalf.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

■ The final proposition contends that the punishment is excessive. The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Considering the lengthy criminal record of the defendant commencing in 1946, we cannot conscientiously say that the sentence imposed shocks the conscience of the Court.

The judgment and sentence is affirmed.