**Hershel John STICKNEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–386.**

Court of Criminal Appeals of Oklahoma.

Oct. 23, 1975.

L. G. Dunn, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Hershel John Stickney, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–1858, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, After Former Conviction of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11–902. His punishment was fixed at three (3) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The designation of record did not include the trial transcript and, therefore, this Court has no knowledge of the facts which led to the instant conviction. However, we are aware of other events pertinent to the issue herein which will be presented to allow a proper understanding of the defendant's contention.

On June 3, 1974, the defendant was charged by Information in the District Court, Oklahoma County, State of Oklahoma, with the crime of operating a motor vehicle while under the influence of intoxicating liquor after former conviction of the same. On October 16, 1974, an "Order of Admission to Hospital" was filed declaring the defendant mentally ill. On November 4, 1974, the defendant was discharged from the hospital and on November 6, 1974, a certificate of restoration was filed declaring the defendant restored to soundness of mind. On December 18, 1974, a jury, impanelled for the purpose

of determining the guilt or innocence of the defendant as to the charges filed by Information on June 3, 1974, returned a verdict of guilty. Then, on December 27, 1974, the defendant filed a motion to set aside the verdict returned on December 18, 1974. On January 17, 1975, the motion to set aside the verdict was overruled and the defendant was sentenced to three (3) years' imprisonment.

As his sole assignment of error, the defendant contends that the certificate of restoration, filed November 6, 1974, was not valid because of the unconstitutionality of 43A O.S.1971, § 75, a provision of the Mental Health Act setting forth the judicial proceeding for declaration of restoration to soundness of mind. The defendant further contends that since the certificate of restoration was invalid the defendant was insane at the time of trial and the trial court erred in not setting aside the verdict by reason of the insanity of the defendant based on the order of admission to the hospital filed on October 16, 1974.

This Court finds the defendant's contention to be without merit. First of all, the defendant has failed to support his contention with any authority whatsoever. In *Battle v. State*, Okl.Cr., 478 P.2d 1005 (1970), citing with approval *Sandefur v. State*, Okl.Cr., 461 P.2d 954 (1969), this Court held:

"It is necessary for counsel for Plaintiff in error not only to assert error, but to support his contentions by both argument and the citations of authorities. Where this is not done, and it is apparent the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred."

Secondly, the determination of the mental illness of the defendant was based on proceedings initiated under the Mental Health Act, Title 43A of the Oklahoma Statutes. As aforementioned, on November 6, 1974, an order of restoration was filed declaring the defendant mentally

competent. The defendant contends that the order of restoration was unconstitutional and that, consequently, the examiner's certificate declaring the defendant mentally ill was still in effect and binding on the trial court as to the issue of insanity. It must be noted that a determination as to mental incompetency in criminal proceedings and in civil proceedings are governed by separate provisions. In 22 O.S. 1971, §§ 1161–1174, the procedure for determination of sanity in a criminal matter is provided for. The comparable statutes for determination of sanity in civil proceedings is set forth in 43A O.S.1971, § 55. A determination in a civil proceeding of mental illness is not binding in a criminal court. The issue as to the defendant's mental illness in relation to the criminal charges must be raised according to the proper criminal procedure as set forth in the aforementioned statutes. This issue to be proper must be raised at some time during the proceedings of the trial court in relation to the criminal charges.

In addition to the foregoing the defendant has failed to present this Court with sufficient record. Specifically, the designation of record included neither the preliminary transcript nor the trial transcript. Thus, even if the defendant had correctly raised the issue of insanity at the trial court level in accordance with the criminal procedure provisions this Court would not be able to dispose of this proposition since the record is not before us to be reviewed. Not being furnished with sufficient record, we cannot determine if the issue of insanity was properly raised below. And, of course, we are limited to the record provided on appeal. See, *Claunch v. State,* Okl.Cr., 501 P.2d 850 (1972). In *Moulton v. State,* Okl.Cr., 476 P.2d 366 (1970), this Court would not consider the defendant's contention that the trial court erred in not sustaining his motion to quash and dismiss the preliminary hearing where a copy of the transcript of the preliminary hearing was not filed in

this Court. A matter assigned as error must be supported by the record.

Based on the foregoing discussion we observe that the record is free of any error which would justify modification or reversal and the judgment and sentence appealed from is, hereby, *affirmed.*

BRETT, P. J., and BLISS, J., concurs.