Walter KIRK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–365.

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1976.

Pearson & Green by Bruce Green, Muskogee, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Annis Kernan, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

The Appellant, Walter Kirk, hereinafter referred to as defendant, was charged, tried and convicted of the crime of Rape in the First Degree, under 21 O.S.1971, § 1114, in the District Court, Muskogee County, Case No. CRF–75–3, before the Honorable William H. Bliss. On the 17th day of December, 1975, the defendant was sentenced in accordance with the jury's verdict to a term of five (5) years' imprisonment. From said judgment and sentence, this appeal has been timely perfected.

Since the defendant alleges only one assignment of error, which has nothing to do with the facts or the trial of the case on its merits, we find that a statement of the facts is not necessary to the decision of this case.

The sole assignment of error urged on appeal is that the trial court erred in refusing to grant his Motion for Continuance and in forcing the defendant to trial. More specifically, that the trial court erred in forcing the defendant to trial without the benefit of the transcript of the preliminary hearing held on May 2, 1975, and ordered by counsel for defense on May 8, 1975. The record in this case reveals that throughout the history of this case the defendant asked for, and was granted, several continuances. The original preliminary hearing was set for January 15, 1975, but was continued by agreement of parties until February 20, 1975. On February 20, 1975, and at the sole request of the defendant, to which the State objected, the defendant was granted a continuance of the preliminary hearing until May 2, 1975. The record further reveals that the defendant was bound over for trial on the 2nd day of May, 1975. The case was then set on the Muskogee County Jury Docket for May 29, 1975, by order of the District Court, Muskogee County. However, the transcript reflects that once again, the defendant requested a continuance based on the fact that he had not had time to receive a transcript of the evidence taken at the preliminary hearing. The Motion for Continuance was granted and the case was not called for trial again until October 14, 1975. On that date, and just prior to selecting a jury, the defendant once again sought a continuance based on the fact he had not yet received his transcript of the preliminary hearing. The trial court heard the argument of counsel for defense, which was objected to by the State, and then took testimony of the court reporter concerning her progress, or lack thereof, in preparing the transcript. The reporter testified that she had been ill and was unable to complete the transcript. However, she testified that the transcript was nearly completed and that she had both her notes and an electronic tape of all the proceedings at the preliminary hearing which she would gladly make available to counsel for defense. After a brief recess, the trial court overruled the Motion for Continuance, and ordered that the court reporter remain constantly available to counsel for defense with her notes, the electronic recording, and that portion of the transcript which she had completed. The trial then proceeded over a period of three days and ended in a conviction of the defendant.

██ In support of his argument that the lack of a transcript and the denial of his Motion for Continuance deprived him

of equal protection of law, the defendant cites *Little v. Turner*, 10 Cir., 402 F.2d 495 (1968). That case deals with the rule that an indigent may not be denied access to a record of his preliminary hearing because of his inability to pay for the transcript. This Court has held likewise in *Goudeau v. State*, Okl.Cr., 509 P.2d 186 (1973). However, both of the above cases are distinguishable from the case at bar, for the reason that in the above the courts were dealing with indigents and their right to equal protection. In both cases the courts ordered that a transcript must be furnished at public expense. Such is not the question here. The question is: did the trial court abuse its discretion in overruling defendant's Motion for Continuance? This Court has held on numerous occasions that the granting or denial of a Motion for Continuance rests in the sound discretion of the trial court and will not be reviewable unless an abuse of that discretion is evidenced. This is especially true when such motion is offered on the date it is set for trial. See, *Pitts v. State*, Okl.Cr., 431 P.2d 449 (1966) and *Mangum v. State*, Okl.Cr., 541 P.2d 1348 (1975).

 This Court is aware of its ruling in *Bryant v. State*, Okl.Cr., 471 P.2d 948 and *Wright v. State*, Okl.Cr., 505 P.2d 507 (1973), where we stated that a defendant is entitled to a transcript of his preliminary hearing where due diligence has been shown in acquiring a transcript and where it is needed for cross-examination of prosecuting witnesses. After a thorough search of the record, this Court is unable to find any showing that the defendant either exercised due diligence in obtaining a copy of the preliminary hearing transcript prior to trial, or that the defendant's rights were prejudiced by the lack thereof at trial. The record is clear that the same retained counsel represented defendant at both the preliminary hearing and the trial. It is also clear that the defendant was granted one continuance of the preliminary hearing at his own request and one continuance of the jury trial at his own request.

The record is devoid of any evidence that pursuant to the first continuance of the jury trial that defendant made a diligent effort to obtain the transcript or to notify the court he was unable to do so. Not until the morning hours of the date the matter was set for trial did the defendant file his Motion for Continuance, nor did he, until that date, notify the trial court of the lack of the transcript of the preliminary hearing. In *Wright v. State*, supra, where additional time was being requested because the preliminary hearing transcript was not completed, this Court stated:

"The record further reflects that appellant Wright's newly-hired attorney made no effort to comply with the statutory requirements fundamental to a motion for continuance. 22 O.S.1971, § 584; 12 O.S.1971, § 668. We have previously held that the failure of an affidavit for continuance to comply with the requirements of § 668, *supra*, renders a request for continuance fatally defective. *Snow v. State*, Okl.Cr., 453 P.2d 274 (1969); *Crosswhite v. State*, Okl.Cr., 317 P.2d 781 (1957). . . ."

Looking at the entire record as a whole, as we must under *Andrews v. State*, 84 Okl.Cr. 104, 179 P.2d 491 (1947), we find no reason to believe that the trial court abused its discretion by overruling the Motion for Continuance in this case. The defendant had ample time to procure a transcript but failed to do so. If such failure was unavoidable then there is a two-fold test to apply. First, did the defendant exercise due diligence in trying to obtain a transcript and did he timely notify the court of this problem? The record is clear that there is no evidence that defendant did either. Secondly, after examining the record, is there evidence that the defendant was prejudiced by a lack of said continuance? Once again we find the answer to be in the negative. Defendant's Motion for Continuance fails to show by affidavit or other means what testimony he requires prior to trial. The record of the trial reveals a more than adequate defense.

Defendant cross-examined the State's witnesses at length. At no time did he show that he was hampered or handicapped by a lack of a transcript. Couple the above with the Order of the trial court making the court reporter and her notes available to the defendant at all times with the fact that the defendant received the lightest possible punishment for this offense under the evidence adduced at trial, this Court finds no evidence that the defendant was denied his right to equal protection by the ruling of the trial court.

In further considering this assignment of error, we feel it is necessary to emphasize the fact that although the defendant did not have the benefit of a completed preliminary hearing transcript, there was available the court reporter's notes, an electronic tape of all the proceedings of the preliminary hearing and an partially completed transcript. This situation is somewhat comparable to the one found in *Yeargain v. State,* Okl.Cr., 535 P.2d 693 (1975), where the trial court's denial of defendant's Motion for Continuance, based upon a request for a new attorney, was upheld. This Court stated, in footnote 2 of that case:

> "The record reveals that the new attorneys, although they did not have benefit of the preliminary hearing transcript, did listen to the tape recording of the preliminary hearing prior to trial, and had these tapes available to them throughout the entire trial."

█ █ Where there are tape recordings of the preliminary hearing available to an indigent defendant, we have held such to be an acceptable alternative to a completed transcript. See, *Brinlee v. State,* Okl.Cr., 543 P.2d 744 (1976) and *Morgan v. Graham,* Okl.Cr., 497 P.2d 464 (1972). These cases are based upon the tandem decisions of the United States Supreme Court in *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971) and *Mayer v. City of Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971). There appears to be no reason why this holding cannot also be applied in the case of a non-indigent defendant, particularly as to the case at bar where the defendant had ample opportunity to take advantage of the tape recording of the preliminary hearing that was available. In this regard, we are of the opinion that there is no merit to the defendant's contention that a transcript of the preliminary hearing was not available.

Therefore, finding no error which would justify modification or reversal, the judgment and sentence appealed from is accordingly, *AFFIRMED.*

BRETT, P. J., concurs in results.

BLISS, J., concurs.