Robert Wayne **KELSEY**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–77–295.

Court of Criminal Appeals of Oklahoma.

Sept. 28, 1977.

Byron L. Wilhite, Spears, Hatch, Mickle & Wilhite, Durant, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Donnie G. Pope, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Robert Wayne Kelsey, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Bryan County, Case No. CRF–76–78, for the offense of Robbery By Force, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 792. His punishment was fixed at twenty (20) years' imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Frankie Smithey, age 72, testified that on the evening of April 8, 1976, she visited defendant's mother at her home in Durant. Defendant and another

person were present when she arrived but left prior to her departure. She left at 10:30 p.m. and walked toward her house, approximately two blocks away. She was in her front yard getting her keys when she was struck on the forehead. She fell to the ground and someone took her money from her shopping bag. She testified that it was too dark to recognize the assailant, who was wearing white pants.

Officer Stanley J. Pickens testified that on the evening of April 8, 1976, he responded to a call at Mrs. Smithey's residence. She had a knot on her head and was bleeding. She gave him a description of the assailant as being 5'10" tall and wearing light clothing. He testified that he had observed defendant at approximately 9:00 p.m. and defendant was wearing white pants. On cross-examination he admitted testifying at the preliminary hearing that Mrs. Smithey had described the assailant as being 5'1" tall.

Dorothy Mae Kelsey, defendant's mother, testified that the defendant and Cecil Griffin left her house on the evening in question at approximately 9:00 p.m. He returned later that evening in a taxi. He gave her $35.00 stating that he had won it in a pool game; that several months later she was taken to the police department with Detective Bob Hendrix. Defendant told her that he got the money from Frankie Smithey. He later said that he had only been joking. Defendant again informed her on the day he was arrested that he and Cecil Griffin robbed Mrs. Smithey. On cross-examination she testified that Cecil was wearing white pants and defendant blue jeans on the evening in question.

Detective Bob Hendrix testified that he had a conversation with the defendant in July, 1976. Defendant was advised of his *Miranda* rights and initialed a card acknowledging that he understood the same. The defendant made a written statement wherein he confessed that he and Cecil Griffin robbed Mrs. Smithey. On cross-examination the officer testified that he and defendant discussed a $500.00 reward which had been offered for the person who solved the crime but denied using the reward as an inducement for defendant's confession.

■ Defendant asserts in the first assignment of error that his confession was "improperly admitted into evidence and the jury was improperly instructed with respect thereto." Defendant argues that the confession was tainted because it was made by the defendant with the understanding that his mother would receive a $500.00 reward. We need only observe that no evidence was introduced at the trial to support defendant's contention. To the contrary, Detective Hendrix specifically denied that the reward was used as an inducement for defendant's statement. We have previously held that this Court will not disturb the trial court's ruling permitting the introduction of a confession when supported by sufficient evidence that the statement was voluntarily given. See, *Warren v. State,* Okl. Cr., 495 P.2d 837 (1972). We would further observe that the question of voluntariness was submitted to the jury under proper instructions. We therefore, find this assignment of error to be without merit.

■ Defendant next contends that State's Exhibit Nos. 1 and 3, certified copies of former convictions, were improperly admitted into evidence in that the State failed to lay a proper predicate for their admission. We disagree. Louise Gentry, the Court Clerk of Bryan County identified both Exhibits as certified copies of judgments and sentences filed in her office. On each instrument, the name of the person contained thereon was that of Robert Wayne Kelsey. We have previously held that where the name of the defendant is the same as that on the judgment and sentence introduced into evidence, such will be prima facie evidence that the defendant is the person against whom the judgment and sentence were rendered. See, *Conner v. State,* Okl.Cr., 518 P.2d 1271 (1974). We find the defendant's second assignment of error to be without merit.

■ Defendant urges in the third assignment of error that the trial court failed and neglected to admonish the jury prior to

each recess. Defendant argues that the trial court ·deliberately elected to disregard 22 O.S.1971, § 854. The record reflects that prior to the commencement of trial the trial court admonished the jury but informed them that the same would not be repeated at each recess (Tr. 45). In *Bryant v. State,* Okl.Cr., 521 P.2d 402 (1974) wherein a similar assignment of error was before this Court we stated:

"The only evidence defendant offers to support this claim is that the record reveals no admonition. Neither the defendant nor the record show that the jury acted improperly at any time, or that the lack of admonition resulted in any prejudicial injury. Therefore, we do not find that defendant was denied a fair and impartial trial."

In the instant case the record, as in *Bryant v. State, supra,* totally fails to show that the jury acted improperly or that the lack of admonition resulted in any prejudicial injury to the defendant. We therefore find this assignment of error to be without merit.

■ Defendant next asserts that the trial court erred in refusing to allow the defendant to introduce a portion of the preliminary hearing transcript to impeach the testimony of Officer Pickens. We disagree. In *Eubanks v. State,* Okl.Cr., 327 P.2d 491 (1958) we stated in the Fifth paragraph of the Syllabus:

"A witness may be impeached by showing that his testimony at the preliminary hearing was different from the testimony given at the trial. This may be done by calling the attention of the witness to the specific questions and answers given at the preliminary which are contradictory. The entire transcript of the testimony of the witness should not be admitted either to show or to rebut contradictions in his testimony."

Such was the procedure followed in the instant case. The witness admitted the prior inconsistent statement; it was, therefore not necessary to introduce the portion of the transcript relating to the inconsistent statement.

■ Defendant contends in his fifth assignment of error that the trial court's Instruction No. 2 was erroneously given. We need only observe that the record fails to reflect that the defendant objected to the Court's Instructions, nor did the defendant submit requested Instructions. We have previously held that in the absence of the same, if the Instructions generally cover the subject matter of inquiry, then the defendant has waived the error, if any. See, *Tedder v. State,* Okl.Cr., 540 P.2d 582 (1975). We have carefully examined the trial court's Instructions and find that they adequately cover the subject matter of inquiry.

■ Defendant contends in the sixth assignment of error that his strained relationship with trial counsel prevented his receiving a fair trial. Defendant's primary thrust under this assignment of error is that his trial counsel failed to call certain witnesses to testify in his behalf at trial. This issue was brought forth by defendant for the first time on the day of sentencing; wherein his trial counsel informed the trial court as follows:

"No witnesses were subpoenaed for the defendant, Your Honor, because the witnesses that were furnished to me by the defendant would not have been favorable witnesses if presented." (Tr. 166).

In *Eide v. State,* Okl.Cr., 551 P.2d 275 (1976), we stated:

"We have repeatedly held that relief upon the ground of ineffective counsel will be granted only when the trial is a farce or a mockery of justice, or is shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation. The burden is clearly upon the defendant to establish inadequate representation, and this burden is not sustained by simply pointing out possible errors in counsel's judgment or lack "of success in defense. Neither hindsight nor success is the proper measure for determining the adequacy of legal representation."

We are of the opinion that defendant has totally failed to meet the burden to establish inadequate representation. To the contrary, the record reflects that the trial counsel vigorously and capably represented the defendant. We therefore find this assignment of error to be without merit.

██ Defendant urges in the final assignment of error that the sentence is excessive. We have consistently held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. See, *Williams v. State,* Okl.Cr., 512 P.2d 827 (1973). Considering this is defendant's third felony conviction and that the victim of the robbery was an aged friend of defendant's mother, we cannot conscientiously say that the sentence of twenty (20) years' imprisonment shocks the conscience of this Court.

The judgment and sentence is accordingly *AFFIRMED.*

BRETT, J., concurs.