**The STATE of Oklahoma, Appellant,**

v.

**Bert Henry McBLAIR, Appellee.**

**No. S-82-646.**

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1983.

James C. Langley, Dist. Atty., Payne County, for appellant.

Melissa DeLacerda, Stillwater, for appellee.

## OPINION

BRETT, Judge:

Bert Henry McBlair was charged with and tried for the offense of Operation of a Motor Boat While Under the Influence of Intoxicating Liquor, in violation of 63 O.S. 1971, § 809, in Case No. CRM–82–1113, in the District Court of Payne County, State of Oklahoma. The jury returned a verdict of not guilty in a trial held on the 16th day of September, 1982, and from this verdict the State has given its notice of intent to appeal on a reserved question of law pursuant to Rule 2.1(D) of the Rules of the Court of Criminal Appeals.

During the trial, defense counsel attempted to impeach a State's witness through the following colloquy:

Q. Could you even tell this was the same boat that you had observed through your binoculars?

A. Yes.

Q. Do you recall having a motion hearing on the 19th of August concerning this case?

A. Yes.

Q. Do you recall testifying that day?

A. Yes.

BY MR. LANGLEY:

Your Honor, unless counsel has a copy of the transcript I would resist her any attempts to impeach the witness.

BY THE COURT:

Objection overruled; exception.

Q. (BY MS. DELACERDA) Do you recall answering the question when asked if you could tell if it was the same boat, your reply was: I couldn't tell it was the same boat but it was the only one in the area. Do you recall that answer?

A. No; but it is the same boat.

BY MR. LANGLEY:

Your Honor, simply for possible appeal purposes, I would like the record to reflect there is no transcript. Counsel is not referring to any transcript of any hearing, it is relying on I don't know what, but please note the State's exception.

BY THE COURT:

I already gave you an exception, Mr. Langley.

Q. (BY MS. DELACERDA) Is it possible that you said that that day, under oath?

A. Yes. The only way to positively identify that boat is by a bow number, which I could not get that night.

■ The first question of law presented to this Court is whether it is error for the court to allow defense counsel to cross-examine a witness for the State regarding prior inconsistent statements without a certified transcript of the prior testimony. Apparently, this is a case of first impression in our jurisdiction. Although in some jurisdictions the trial judge is given discretion to require the transcript to be read verbatim when impeachment by prior inconsistent testimony is attempted, *see, e.g., United States v. Angelo*, 153 F.2d 247 (3rd Cir. 1946), we find that the better rule is that the trial court generally should not require questions and answers to be read from the transcript of the prior hearing when counsel is laying the foundation for introducing proof of the prior inconsistent statement. *See United States v. Hibler*, 463 F.2d 455

(9th Cir.1972) (court held that trial judge was plainly wrong in refusing to permit defense counsel's attempt to impeach a State's witness by asking about the witness' testimony at a prior trial because defense counsel had no transcript to show the witness); *State v. Wilmore*, 192 Neb. 807, 224 N.W.2d 756 (1975) (where counsel had attempted to impeach a key witness for the prosecution by posing questions to him in reference to certain testimony given by that same witness at preliminary hearing, trial court erred in instructing the jury to disregard defense counsel's reference to previous testimony on the ground that no transcript of that testimony had been introduced into evidence).

■ If the witness admits making the prior inconsistent statement, it is not necessary to introduce the portion of the transcript relating to the inconsistent statement. *See Kelsey v. State*, 569 P.2d 1028 (Okl.Cr.1977). If the witness denies the making of the statement, however, or fails to admit it, the cross-examiner must prove the making of the alleged statement at the next stage of giving evidence. *Hibler*, 463 F.2d 455. This may be accomplished by introducing into evidence the applicable portion of the transcript or by putting on the stand the court reporter or someone else who heard and recalls the statement and eliciting testimony that the witness made the statement.

■ Because there are means of proving up the prior inconsistent statements other than introducing the transcript into evidence, it would be highly inconsistent to require counsel to produce the transcript during the foundation-laying stage. Accordingly, we hold that so long as the substance of the statement is accurate, paraphrasing of prior testimony is permissible. In the case at bar, the trial court did not err in allowing defense counsel to cross-examine a witness for the State regarding prior inconsistent statements without a certified transcript of prior testimony. This holding is consistent with 12 O.S.1981, § 2613.

We do wish to emphasize, however, that when the witness fails to admit the statement or denies making it, the cross-examiner must prove the making of the alleged statement at the next stage of giving evidence. In the case at hand, the witness testified that although he did not recall making the alleged statement at the preliminary hearing, it was possible that he had so testified. When defense counsel failed to offer proof of the former testimony, the prosecutor could have properly asked the court to require defense counsel to prove her allegations, or in the alternative, to strike the questions and answers from the record.

The State also alleges that the trial court erred in restricting cross-examination of defense witnesses of the State. At trial, the defense called three witnesses who testified that Jack Dickson, rather than the defendant, had driven the boat up to the boat ramp. On cross-examination, defense counsel objected when the prosecutor asked questions designed to elicit testimony that defendant had been driving the boat earlier. We believe that the trial court was correct in sustaining the objection as the question was irrelevant.

When defense counsel made the objection, the State argued that the question should be allowed since "the information says on July 24, 1982, on Lake Carl Blackwell." Had the trial court allowed the State to try to establish that appellee had driven the boat earlier in the day, there would have been no proof that appellee was intoxicated at the time. Testimony showed that the boaters had just drifted around after dark until they decided to come in at approximately eleven o'clock. The State had proved only that appellee was legally intoxicated at the time of arrest; thus, the only scope of examination regarding the driver's identity which was relevant was the time period immediately preceding the arrest.

For the reasons stated here, we AFFIRM the trial court's rulings on the questions of law reserved by the State.

BUSSEY, P.J., and CORNISH, J., concur.