Gary Lamont ROGERS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-83-742.

Court of Criminal Appeals of Oklahoma.

June 24, 1986.

As Corrected July 1, 1986.

---

Frank B. Kirk, Moore, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Gary Lamont Rogers, the appellant herein, was convicted by a jury in the District Court of Oklahoma County for the offense of Rape in the Second Degree. Punishment was assessed at nine (9) years imprisonment, and the trial court imposed judgment and sentence in accordance with the jury's verdict. We affirm.

On September 23, 1982, at approximately 11:00 p.m., T.F., an employee of the State Fair of Oklahoma, was abducted at knifepoint from the fairgrounds, taken to a location on Reno Street near the fairgrounds, and raped. T.F. identified her attacker as the appellant. T.F. was rescued by a taxi cab driver who came upon the scene, fought with appellant, and chased appellant away. Appellant also was linked to the crime through scalp hairs discovered on an afro comb found near the rape scene. According to T.F., the appellant was carrying an afro comb at the time of the rape. Appellant also gave two conflicting exculpatory statements to the police.

## I.

Appellant's first two assignments of error challenge the decision of Associate District Judge Charlie Y. Wier to refuse appellant's motion for certification as a juvenile. Title 10 O.S. 1981, § 1104.2 requires any person sixteen or seventeen years of age, who is charged with one of several violent crimes, including second degree rape, to be treated as an adult. Section 1104.2 vests the District Court with the discretion to certify such an offender as a juvenile, if certain guidelines are met. ·See 10 O.S. 1981, § 1104.2(C). It is conceded by the State that appellant was sixteen years old at the time of the offense. Further, the record reflects that a timely motion to certify appellant as a child was filed by defense counsel.

It is first alleged by appellant that Section 1104.2, the so-called "reverse certification" statute, is unconstitutional. However, we have previously held this statute does not offend any of the provisions of either the Oklahoma or United States Constitutions. *State ex rel. Coats v. Rakestraw*, 610 P.2d 256 (Okl.Cr.1980). This assignment of error is without merit.

Appellant also claims Judge Wier abused his judicial discretion in overruling the motion to certify appellant as a juvenile. Our examination of the record reveals that appellate counsel has failed to include any records dealing with this issue, except his motion to certify the appellant as a child. Without transcripts and other District Court documents relating to this issue, we cannot properly review Judge Wier's ruling. Therefore, because counsel for appellant has failed to supply this Court with an adequate record to review this issue on appeal, we are compelled to disregard this proposition. *See Stickney v. State*, 541 P.2d 1359 (Okl.Cr.1975).

## II.

▪ Next, appellant claims the trial court erred in denying his request for a continuance of the trial date in this case. The record discloses, however, that defense counsel did not file a written motion for the continuance, or attach an affidavit thereto, as required by 12 O.S. 1981, § 668. *See Crosswhite v. State*, 317 P.2d 781 (Okl.Cr. 1957). Failure to follow the requirements of Section 668 is fatal to the motion. *Henderson v. State*, 695 P.2d 879, 881 (Okl.Cr. 1985). We reject this assignment of error.

## III.

Appellant's fourth and fifth assignments of error deal with an allegation the trial court improperly refused admission of extrinisic evidence proving a prior inconsistent statement by the victim. Close examination of the record reveals this argument is patently frivolous.

It is asserted by appellant that the trial court refused to permit the testimony of a court reporter who stenographically reported the victim's testimony at preliminary hearing. He claims the preliminary hearing testimony contained a statement inconsistent with the testimony given by the victim at trial. Counsel for appellant claims the trial court disallowed the court reporter's testimony because the court felt this method of impeachment was improper. Appellant therefore claims the trial court erred, and cites *State v. McBlair*, 670 P.2d 606 (Okl.Cr.1983)[1] as authority. We disagree with the appellant's rendition of the facts surrounding this issue. The trial court did not disallow introduction of the extrinsic evidence because it was not contained in a certified transcript, as counsel asserts; the evidence was disallowed because counsel failed to make a proper predicate for its admission.

Title 12 O.S. 1981, §.2613(B) clearly governs this issue:

> Extrinisic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same

1. In *McBlair*, we held it was not improper procedure to allow defense counsel to cross-examine a witness for the State regarding prior inconsistent statements without having a certified transcript of prior testimony, *if a proper predicate was laid.*

and the opposite party is afforded an opportunity to interrogate him thereon. This rule requires counsel, normally the cross-examiner, to first ask the witness about the prior inconsistency, and then given the witness the opportunity to deny, affirm, or explain the earlier statement. Also imposed upon counsel is the duty of identifying the subject matter of the statement, the time and place of its utterance, and the person to whom it was made.

■ The alleged impeachment in this case involved appellant's claim that the victim testified, at preliminary hearing, that she attended a party on the night of the rape. The victim stated at trial that she attended no such party. However, when counsel cross-examined the victim, she was never questioned about this alleged inconsistency, much less given an opportunity to admit, deny, or explain it. The trial court therefore correctly refused appellant's attempts to introduce extrinisic evidence of this alleged inconsistent statement. These assignments of error are without merit.

### IV.

Appellant's sixth assignment of error challenges the admission at trial of evidence seized by Oklahoma City police. However, counsel for appellant cites no authority in support of this claim, and it is accordingly rejected. *Brannon v. State,* 670 P.2d 601 (Okl.Cr.1983).

### V.

■ Appellant's next assignment of error alleges he was the victim of an evidentiary harpoon inflicted by the State's expert forensic chemist, Joyce Gilchrist. Appellant points to the following statement made by Gilchrist on direct examination as constituting the harpoon:

Q. Can you tell me what, if anything, you were able to conclude as a result of this comparison?
A. Yes. There were three scalp hair fragments that were taken from the afro pick which is item number 13, were found to be consistent in microscopic characteristics with the scalp hairs which

were item number 3, *in another case,* obtained from Gary Lamont Rogers and therefore could have come from Rogers. (Emphasis added).

We cannot say the statement here constituted an evidentiary harpoon. The statement does not appear to have been a voluntary statement, that is, an unresponsive statement made "out of the clear blue sky." *Riddle v. State,* 373 P.2d 832, 842 (Okl.Cr.1962). Instead, it was given in direct response to the question asked. We further agree with the State that it "stretches the imagination" to suppose the witness intended to prejudice the appellant by the uttering one time that the hair samples came from another case. The statement was isolated, ambiguous, and was not repeated at trial. Furthermore, we cannot say that the appellant was prejudiced by the statement. *See Breshers v. State,* 572 P.2d 561 (Okl.Cr.1977). This assignment of error is without merit.

### VI.

■ Appellant next complains that the trial judge made improper comments during the course of the trial which were directed to defense counsel and tended to prejudice appellant in the eyes of the jury. Specifically, it is alleged the trial court was prejudiced against this defense counsel.

Appellant's allegations are unsupported by the record. The trial judge was faced with a defense attorney, Frank B. Kirk of Moore, Oklahoma, who, in the words of the trial judge, "made an absolute, total mockery of the law and the decorum of this court since this trial started." The record shows Mr. Kirk was continually late to court, ignored or failed to follow the rules of evidence, argued with opposing counsel, made faces and loud sighs after adverse rulings, and finally was held in contempt for failure to comply with the ruling of the court. In addition, the trial judge was also faced with a prosecutor who was having difficulty obtaining the admission of certain key physical evidence.

It appears to this Court that the statements made by Judge Cannon were either attempts to explain his rulings, *see Nauni v. State*, 670 P.2d 126 (Okl.Cr.1983), or were attempts to expedite the proceedings and prevent counsel from making a mockery of the trial. *See Gamble v. State*, 576 P.2d 1184 (Okl.Cr.1978); *Warner v. State*, 568 P.2d 1284 (Okl.Cr.1977). The record further indicates that Judge Cannon made a genuine attempt to be even handed with both defense counsel and the prosecutor. *See Nauni v. State, supra.*

It is true that appellant was threatened in the presence of the jury with a contempt citation.[2] However, the facts of this case are undistinguishable from *Soap v. State*, 562 P.2d, 889, 894 (Okl.Cr.1977), in which this Court wrote:

The defendant does not complain however, of the court's limitation, but rather only of the threatened contempt citation. But, as we review the transcript, the trial judge made repeated attempts to limit the cross-examination, which attempts were not as we see it an abuse of his discretion, and defense counsel ignored and disobeyed the same, thereby fully warranting the reprimand. In response to defendant's contention that the reprimand should not have been made in the presence of the jury, note *Puckett v. State*, Okl.Cr., 363 P.2d 953 (1961) wherein in this Court said:

'Lawyers in most instances represent their client with vigor and thereby feel compelled to object frequently to preserve their record. For this enthusiasm they should not be admonished in the presence of the jury unless their actions interfere with the decorum of the court or the orderly administration of justice.'

In this case, defense counsel repeatedly ignored the rulings of the trial court, and we believe his conduct interfered with the decorum of the court and the orderly administration of justice. We can find no

error in the trial courts warning. This assignment of error is without merit.

## VII.

■ Next, appellant claims he was denied his Sixth Amendment right to effective assistance of counsel. It is interesting to this Court that counsel on appeal also represented appellant at trial, and raises this claim against himself. Counsel states in his brief-in-chief that he "believes he had abided by the letter and spirit of the code of Professional Responsibility. Nevertheless, counsel was ruled incompetent, and therefore, appellant should be granted a new trial on the basis that he was denied the effective assistance of counsel." *Brief of appellant*, at 27. It is true that the trial court referred to the defense attorney, in a hearing outside the presence of the jury, as "totally incompetent to be an attorney."

The United States Supreme Court has explained the proper approach appellate courts must make in reviewing claims of ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court fashioned the following two-pronged test:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted

---

**2.** Mr. Kirk was later held in contempt by the trial court, but this action occurred outside the presence of the jury.

from a breakdown in the adversary process that renders the result unreliable. *Id.* at 687, 104 S.Ct. at 2064. In meeting the first prong of this test, the reviewing court must identify "acts or omissions ... outside the wide range of professionally competent assistance." *Id* at 690, 104 S.Ct. at 2066. *Accord Johnson v. State*, 620 P.2d 1311 (Okl.Cr.1980).

In this case, counsel ignored various rules of evidence, disrupted the decorum of the court with his actions, and was held in contempt of court for his blatant failure to comply with a court order. These actions prompted the trial court to state Mr. Kirk "will never in my court again defend anybody for a major crime, because in my opinion he would be totally incompetent to do so." Based on this finding of the trial court and the acts and omissions on the part of Mr. Kirk, we cannot say he provided the "wide range of professionally competent assistance" contemplated by the Sixth Amendment.

This determination does not end our inquiry, however. As *Strickland* notes, we are required to determine whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. The Supreme Court further explained that "[w]hen a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. at 2069. In this case, the evidence of appellant's guilt was substantial and counsel's error, though unprofessional, were not allowed by the trial court to affect the proper admission of only competent evidence in this trial. Because of the efforts by the trial court to protect the rights of this appellant and the substantial evidence of guilt, we cannot say that the errors of counsel effected the jury's determination of guilt or punishment. Accordingly, this assignment of error is without merit.

## VIII.

Finally, appellant contends he was prejudiced by the accumulation of errors he claims occurred at trial. We have consistently held that if previous errors are without merit, then the propositions when considered collectively are also without merit. *Black v. State*, 664 P.2d 1054 (Okl.Cr.1983).

The judgment and sentence of the District Court should be, and the same hereby is, AFFIRMED.

BRETT, J., concurs.

BUSSEY, J., concurs in results.