**Vernoil Eugene CANTLEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–86–172.

Court of Criminal Appeals of Oklahoma.

April 21, 1988.

Rehearing Denied May 24, 1988.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

PARKS, Judge:

Appellant, Vernoil Eugene Cantley, was tried by jury and convicted of First Degree Robbery After Former Conviction of Two Felonies (21 O.S.1981, § 791) in Oklahoma County District Court, Case No. CRF–84–6037, before the Honorable William S. Meyers. The jury set punishment at twenty (20) years imprisonment and judgment was imposed accordingly. From this judgment and sentence, appellant has perfected this appeal. We affirm.

On December 26, 1984, appellant entered the First Security Bank and approached the loan window in the bank lobby. He handed two deposit slips to the teller and told her, "This is a robbery." He demanded fifteen thousand dollars ($15,000.00) and when she informed him she did not have that much money in her drawer, he told her to give him all she had. During this time, another teller was working in the same window. When the second teller realized that a robbery was in progress, she tried to slowly maneuver into a position to push the alarm button. Appellant noticed this movement and said, "If she hits the button back there, I will shoot." Appellant crammed the money into his coat and walked calmly towards the bank exit. The tellers immediately notified the security guard, who followed appellant outside to the street. The guard forced him to stop and put his hands on the wall. As appellant placed his hands on the wall, bundles of money fell from his coat. Appellant turned around, hit the security guard, and ran. The security guard caught him, and with the assistance of a passerby, handcuffed and arrested appellant. At trial, both the teller and the guard identified appellant as the perpetrator.

As his sole assignment of error, appellant insists he was deprived of effective assistance of counsel. He claims that the failure of trial counsel to pursue the insanity defense "so undermined the functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984).

The test for ineffective assistance of counsel, as set forth in *Strickland*, 104 S.Ct. at 2064, initially requires that the appellant show that the attorney's performance was deficient. If the performance fell below an objective standard of reasonableness, appellant must next show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 104 S.Ct. at 2068. When applying this standard, "judicial scrutiny of counsel's performance must be highly deferential." 104 S.Ct. at 2065.

Appellant attempts to meet this heavy burden by pointing out that several months prior to trial, he was determined to be incompetent to stand trial. He underwent ninety (90) days of treatment. After this treatment, a hearing was held wherein he was deemed to be competent to stand trial. Although legally competent, appellant was required to continue taking a low dosage of Thorazine. He claims these facts were sufficient to put trial counsel on notice as to the possibility of the insanity defense, and the failure to investigate this possibility resulted in prejudice. As authority for his proposition, he cites *Galloway v. State*, 698 P.2d 940 (Okla.Crim.App.1985) and *Thomas v. Lockhart*, 738 F.2d 304 (8th Cir.1984).

In *Galloway, supra,* this Court reversed a conviction and remanded for a new trial because trial counsel failed to present the defense of insanity to the jury. There, the defendant claimed to have driven demons out of the victim at God's direction. A great deal of evidence, including expert testimony, was available to support this defense but was not introduced at trial. There was no question that insanity was a viable defense, and failure to prepare such a defense denied the defendant his Sixth Amendment right to effective assistance of counsel.

*Thomas, supra,* presented a situation similar to that in *Galloway*. The defendant, who had been institutionalized five times in the previous four years, was convicted of rape. The attorney for the defendant had knowledge of this past history, but did not investigate this matter or give notice to the court of the defendant's mental condition. In upholding the district court's decision to grant habeas corpus relief, the Eighth Circuit Court of Appeals agreed that the defendant had been denied effective assistance of counsel.

The case at bar does not fall within the scope of *Galloway* or *Thomas*. Appellant has presented no evidence, either at a motion for new trial or on appeal, which indicates his trial attorney was remiss in failing to present the insanity defense. Appellant has also failed to show this Court that evidence was available which would put into question the sanity of the appellant at the time of the offense. While there was some evidence that, in the past, appellant had taken drugs, this alone does not show a "mental deficiency." *See Jones v. State*, 648 P.2d 1251, 1254 (Okla.Crim.App.1982). Accordingly, trial counsel cannot be deemed "ineffective" for failing to present a meritless defense.

Because appellant has failed to meet his burden of showing deficient performance by trial counsel, we do not address the second prong of the *Strickland* test. *See Rogers v. State*, 721 P.2d 805, 809–810 (Okla.Crim.App.1986).

For the above-stated reasons, the judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.